Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON<br>          Plaintiff,<br><br>vs.<br><br>BLOSSOM HILL INVESTMENT COMPANY, a California corporation, and DOES 1-10 inclusive,<br>          Defendants. | Case No.<br><br>*Civil Rights*<br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 |

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

1 | Page

**REQUEST FOR JURY TRIAL**

## *INTRODUCTION*

1. Over twenty years ago, President Bush signed the Americans with Disabilities Act ("ADA"), establishing the most important civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. U.S.C. § 12101(a). Despite this long-standing mandate, Defendants - the owners, operators, lessors and/or lessees of a shopping center, known as WALGREENS SQUARE SHOPPING CENTER, and its facilities located at or about 14100 Blossom Hill Road, Los Gatos, California have failed in their obligation to provide disabled persons like Plaintiff with full and equal access to their goods and services in violation of Title III of the ADA. On information and belief, Defendants failed to construct and/or renovate their public facilities in a readily accessible manner, and failed in their continuing obligation to remove readily achievable architectural barriers that prevent wheelchair users from being able to use and benefit from Defendants' public facilities in a full and equal manner as able-23 bodied persons. In so doing, Defendants have also violated California civil rights laws, including Health and Safety Code § 19955 *et seq.;* California Code of Regulations Title 24-2 ("Title 24-2); and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.* ("Unruh Act").

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has and will continue to suffer damages and be prevented and/or deterred from accessing and using Defendants' goods, services, and facilities to the same extent as, and in a manner equal to, her able-bodied peers. Through this lawsuit, Plaintiffs primary goal is to remove physical barriers and modify discriminatory policies that deter her and other mobility impaired persons from "full and equal" access to Defendants' public facilities as required by law and compensation for her injuries as the result of Defendants' discriminatory conduct and actions.

## *JURISDICTION AND VENUE*

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

2 | Page

1  ADA, 42 U.S.C. § 12201 *et seq.* Pursuant to supplemental jurisdiction, attendant and related
2  causes of action, arising from the same facts, are also brought under California law, including,
3  but not limited to, violations of California Health & Safety Code § 19955 *et seq.* and the Unruh
4  Act, Cal. Civ. Code § *51 et seq.*

5  4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that
6  the real property which is the subject of this action is located in the Central District and that
7  Plaintiff's causes of action arose in the Northern District.

## *PARTIES*

5. Plaintiff RICHARD JOHNSON("Plaintiff") is, and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff is unable to independently stand or walk, and has limited range of motion in her arms as the result of injuries sustained in car accidents, and requires the use of a wheelchair for mobility. Plaintiff is unable, due to her physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff is, and at all times relevant hereto was, a resident of California.

6. On information and belief, Defendants BLOSSOM HILL INVESTMENT COMPANY, a California corporation; and DOES 1 through 10, inclusive (collectively "Defendants") are, and at all times relevant herein were, the owners, operators, lessors, and/or lessees of the shopping center, known as WALGREENS SQUARE SHOPPING CENTER, located at or about 14100 Blossom Hill Road, Los Gatos, California ("Shopping Center"). The Shopping Center is composed of small restaurants and shops and anchored by a large chair retailer Walgreens Pharmacy (collectively "Facilities") that share common facilities, including, *but not limited to,* common parking areas and paths of travel. On information and belief, DOES 1 through 10 owns operates, manage, and/or leases Shopping Center and Facilities.

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

7. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, inclusive are ascertained.

### *FACTS UPON WHICH ALL CLAIMS ARE BASED*

8. Shopping Center and Facilities are "places of public accommodation" as defined under Title III of the ADA ("Title III"), 42 U.S.C. § 12181(7)(B),(E),(F) and (L) and California civil rights laws, Cal. Civ. Code § 51 *et seq.* and Health & Safety Code § 19955 *et seq.*

9. Plaintiff and other similarly situated, physically disabled persons who require the use of a wheelchair or other mobility device, are unable to access and use the goods, services, and facilities offered at Shopping Center and Facilities on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § 12181 *et seq.;* Health & Safety Code § 19955 *et seq.,* and California Code of Regulations, Title 24-2 ("Tit. 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

10. Plaintiff frequently shops at the Walgreens and other Facilities situated in the Walgreens Square Shopping Center which is in close proximity to Plaintiff's home. In fact during the two years prior to the filing of this Complaint and continuing to the date of filing of this Complaint, Plaintiff has visited Shopping Center at least twenty (20) times. Plaintiff's last visits took place

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

on January 21, 28 and 29, 2014. Plaintiff would like to continue shopping here. However, Defendants' persistent failure to be ADA compliant has placed a toll on Plaintiff to the extent that the burden of shopping at Shopping Center outweighs any benefit. Despite the convenient location, Plaintiff constantly fears for his safety every time he visits Shopping Center due to the lack of accommodations for the disabled.

13. Most if not all of the parking spaces reserved for the disabled are too steep. Each time Plaintiff exits his vehicle, he risks his wheelchair rolling backward and being stranded until a Good Samaritan comes to his aid.

14. On January 21, 2014 Plaintiff parked in the ADA parking next to the Walgreens. After exiting his vehicle, he nearly tripped and lost his balance because of the hazard created by the ramp encroaching into the access aisle. Had Plaintiff been less careful, he could have suffered serious injuries.

15. Plaintiff likes to shop at Ernie's Liquor, because the prices are very compatible. However, he does not shop there as often as he would like to because the entrance to the store is particularly problematic due to a heavy entrance door.

16. Plaintiff would have visited the Shopping Center more, as he enjoys the goods and services, but he has been deterred from doing so due to the ongoing access issues he has experienced while patronizing Shopping Center and its Facilities. When Plaintiff visits Shopping Center, he frequently experienced the following access barriers:
- Path of travel cross slopes over 2%;
- Tow away parking signage has no towing information;
- ADA Parking by 14180 slopes over 2%;
- ADA Parking by 14180 has incorrect signage;
- ADA Parking by nails saloon has no access aisle;
- ADA parking by nail salon slopes over 2%;
- ADA parking by nail salon has incorrect signage;
- ADA parking by nail salon is short;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

5 | P a g e

- Path of travel from 14180 (restaurant) and nail salon building has vertical changes over ½";
- Path of travel in nail salon building is reduced when door shops are open;
- Path of travel from nail salon/jujitsu building (crossing the street) is over 5% slope;
- ADA parking in front of Jujitsu is short;
- ADA parking in front of Jujitsu has incorrect signage;
- ADA parking in front of Jujitsu has no path of travel from access aisle to sidewalk;
- ADA parking in front of Jujitsu slopes over 2%;
- ADA parking in front of Jujitsu access aisle slopes over 2%;
- ADA parking in front of Jujitsu ramp encroach to access aisle and create tripping hazard;
- ADA parking in front of Walgreens ramp encroach to access aisle and create tripping hazard;
- ADA parking in front of Walgreens access aisle slopes over 2%;
- ADA parking in front of Walgreens is short;
- ADA parking in front of Walgreens has incorrect parking signs;
- Path of travel from Walgreen and parking close to 14100 has over 5% slope;
- Bike racks reduce path of travel between Walgreens and 14090;
- Path between 14090 and los Gatos Pizza slopes over 5%;
- Most entrances in the shopping center has no ADA signs;
- Some doors in the shopping center has no clear space on pull side (pizza place, Chinese restaurant);
- Most doors clear space slopes over 2% on pull side (nail salon building);
- ADA parking by Chinese food slopes over 2%;
- ADA parking by Chinese food access aisle slopes over 2%;
- ADA parking by Chinese food has incorrect signage;
- ADA parking by Chinese food ramp encroach to parking spaces;
- Most doors do not have 10" smooth space at bottom;

Ernie's liquor store:

- No ADA sign;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

- Door does not have 10" clear space at bottom;
- Door handles are higher than 44";
- Door clear landing over 2%;
- Door appears heavier than 5 lbs. to operate.

17. Plaintiff wants to shop at Shopping Center in the future. Plaintiff enjoys shopping and dining and Shopping Center location is conveniently located near his home; in an area he often frequents.

18. Until the barriers at Shopping Center and its Facilities are removed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to Shopping Center, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public.

19. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be denied full and equal access to the "goods, services, facilities, advantages, or accommodations" offered by Shopping Centercand its Facilities and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III
### (42 U.S.C. § 12101 *et seq.*)

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

21. In 1990, the United States Congress found that laws were needed to more fully protect

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

7 | Page

"some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities," and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(b).

22. Congress stated as its purpose in passing the Americans with Disabilities Act:

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-18 day by people with disabilities. 42 U.S.C. § 12101(b).

23. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.* Among "private entities" which are considered "public accommodations" for purposes of this title are "establishments serving food or drink," "shopping center," "sales establishments," and "other service establishments." 42 U.S.C. § 12181(7)(B), (E), and (F).

24. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

8 | P a g e

owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-14 disabled individuals;

C. Failing to design and construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. p. 36, app. A.; 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401 and 36.406(a);

D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards, 42 U.S.C. § 12183(a)(2), 28 C.F.R. §§ 36.402, 36.403, and 36.406(a); and

E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv), 28 C.F.R. § 36.304.

Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §§ 12188 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION:
## CAL. HEALTH & SAFETY CODE § 19955 *et seq.*

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporates them herein as if separately repled.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

9 | Page

27. California Health & Safety Code § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title I of the Government Code." Such public accommodations are defined as any "building, structure, facilities, complex, or improved area that is used by the general public...," and includes shopping centers, Cal. Health & Safety Code § 19955.5; restaurants and related sanitary facilities, Cal. Health & Safety Code § 19955; and curbs and sidewalks intended for public use, Cal. Health & Safety Code § 19956.5.

28. On information and belief, Facilities at Shopping Center have undergone construction and/or alterations after January 1, 1982 that triggered access requirements pursuant to Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as Shopping Center and its Facilities, undergo an "alteration, structural repair or addition." On information and belief, Defendants did not comply with the access requirements, which Title 24-2 imposes on renovated and remodeled facilities, including, *but not limited to,* the requirements for accessible parking, accessible pedestrian paths of travel, and accessible seating.

Pursuant to the remedies, procedures, and rights set forth in Cal. Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION:**
**UNRUH CIVIL RIGHTS ACT**
**(CAL. CIV. CODE § 51 *et seq.*)**

29. Plaintiff repleads and incorporates by reference the allegations contained in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Shopping Centerand its Facilities are business establishments and, as such, must comply with the provisions of the Unruh Act. Cal. Civ. Code § 51 *et seq.*

31. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

32. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

33. Defendants have violated the Unruh Act by, *inter alia,* denying, aiding, or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Shopping Center and its Facilities.

34. Defendants have also violated the Unruh Act by denying, aiding, or inciting the denial of Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

### *PRAYER FOR RELIEF:*

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:

A. Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities; and

B. Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

2. That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act in an amount within the jurisdiction of this Court, and that these damages be trebled according to statute;

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

12 | Page

3. That this Court award special and consequential damages according to proof;

4. That this Court award attorneys' fees, litigation expenses and costs of suit pursuant to Title III of the ADA, 42 U.S.C. § 12205, California Civil Code §§ 52 and 55, California Health & Safety Code § 19953, and California Code of Civil Procedure § 1021.5; and

5. Such other and further relief as the Court may deem just and proper.

Dated: February 28, 2014          /s/ Irene Karbelashvili
                                  Irene Karbelashvili, Attorney for Plaintiff
                                  Richard Johnson

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 28, 2014          /s/ Irene Karbelashvili
                                  Irene Karbelashvili, Attorney for Plaintiff
                                  Richard Johnson

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990